UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re: | ) | |
|---|---|---|
| JOHN E. MORGAN | ) | Chapter 7 |
| D/B/A ARCHOVERTURE | ) | |
| SUSAN G. MORGAN | ) | |
| Debtors. | ) | Case No. 10-10284-WCH |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES EMC Mortgage Corporation (the "Movant"), by and through its attorneys, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Bankruptcy Rules 4001 and 9014, and MLBR 4001-1. In support thereof, the Movant states as follows:

I. JURISDICTION

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This case is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. BACKGROUND

2. On or around November 18, 2005, John E. Morgan and Susan G. Morgan (the "Debtors") granted to Mortgage Electronic Registration Systems, Inc. as nominee for Colorado Federal Savings Bank a mortgage on certain real estate, as recorded with the Barnstable County Registry of Deeds as Document No. 1019276 (the "Mortgage"). The Mortgage encumbered the property located at 273 Carriage Shop Road, East Falmouth, Massachusetts 02536 (the "Property"), and secured a note given by the Debtors to Colorado Federal Savings Bank in the amount of $319,900.00 on that same date (the "Note"), and was subsequently assigned to the Movant. Aside from the Property, there was no other collateral securing the obligation.

4/13/2010 Granted.

1

3.  On information and belief, the Debtors subsequently defaulted on their obligations under the Mortgage and Note, and on December 1, 2009, pursuant to the power of sale in the mortgage, the Movant conducted a foreclosure sale of the Property. At the foreclosure sale, the Property was sold to the Movant for $374,154.14, which was the approximate balance under the Mortgage and Note as of that date.

4.  At the time of the foreclosure sale, a second mortgage lien in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Colorado Federal Savings Bank also encumbered the Property. According to the information available with the Registry of Deeds, the original value of the amount of this lien was $80,000.00.

5.  On January 13, 2010, the Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

6.  The Movant is unaware of any recorded Declaration of Homestead with respect to the Property.

7.  According to www.zillow.com, the fair market value ("FMV") of the Property is $284,900.00. Based upon this figure, the approximate liquidation value of the Property, calculated by deducting the estimated reasonable and necessary expenses from the FMV, yields $259,602.42 and is comprised as follows:

| | |
|---|---:|
| Debtor's estimate of FMV: | $284,900.00 |
| Estimated tax deed stamps: | -$1,743.58 |
| Estimated foreclosure fees and costs: | -$5,000.00 |
| Estimated eviction proceedings costs: | -$710.00 |
| Estimated realtors' fees at six (6) percent (post-foreclosure): | -$17,094.00 |
| Anticipated closing costs (post-foreclosure): | -$750.00 |
| TOTAL | $259,602.42 |

Notwithstanding the above, the Movant reserves the right to request access to the Property for the purpose of conducting an interior appraisal to more accurately quantify its value, in the event that the value of the Property is contested by the Debtors.

8. Upon information and belief, at the time of the foreclosure sale, the monthly payment was $2,573.46, and the loan was contractually due for the February 2008 payment.

### III.  ARGUMENT

The Movant respectfully seeks relief from the automatic stay on the following grounds:

9. Under Massachusetts law, the Debtors' equity of redemption under their former mortgage with the Movant was terminated when the foreclosure sale occurred on December 1, 2009. See Mass. Gen. Laws ch. 244 § 18.

10. Because the foreclosure sale occurred before the filing of the Debtors' bankruptcy case on December 1, 2009, the Debtors possessed no interest in the Property as of the date of the filing.

11. The Movant is entitled to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1) if the estate possesses no interest in the Property.

12. The Movant seeks relief from the automatic stay to confirm that the estate has no claim against the Property so that it may proceed with recording its foreclosure documents and taking possession of the Property.

WHEREFORE, the Movant prays that:

    a.    The Movant, its successors and/or assigns, be granted relief from the automatic stay for it or a third party purchaser to take actions necessary to perfect its interest in the Property and take possession of the Property; and,

    b.    The Court order such other and further relief as it may deem just and equitable.

    Respectfully submitted,

    EMC Mortgage Corporation

    By its attorneys,

    ABLITT LAW OFFICES, P.C.

DATE: March 29, 2010    /s/ Jeana K. Reinbold
    Jeana Kim Reinbold
    BBO# 665173
    304 Cambridge Road
    Woburn, MA 01801
    781-246-8995 ext. 250
    jreinbold@acdlaw.com

CERTIFICATE OF SERVICE

       I hereby certify that I have caused to be served a copy of the MOTION FOR RELIEF FROM THE AUTOMATIC STAY, by mailing a copy first-class, postage prepaid, or by serving a copy electronically via CM/ECF, this day.

DATE: February 10, 2010                  /s/ Jeana K. Reinbold
                                                 Jeana Kim Reinbold

By CM/ECF:

- Richard J. Cohen  On behalf of Debtors   rjcbkcy@hotmail.com
- John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV
- Stephen E. Shamban  Chapter 7 Trustee   trusteeshamban@yahoo.com;paper@mab.uscourts.gov, MA35@ecfcbis.com

By First Class Mail:

John E. Morgan
P.O. Box 877
East Falmouth, MA 02536

Susan G. Morgan
P.O. Box 877
East Falmouth, MA 02536

Mortgage Electronic Registration Systems
c/o Specialized Loan Servicing, LLC
8742 Lucent Blvd., Suite 300
Littleton, CO 80129

Town of Falmouth
Tax Collector
PO Box 904
Falmouth, MA 02541

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
|    JOHN E. MORGAN | ) | Chapter 7 |
|     D/B/A ARCHOVERTURE | ) | |
|    SUSAN G. MORGAN | ) | |
|               Debtors. | ) | Case No. 10-10284-WCH |

ORDER GRANTING EMC'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY

This matter has come before me on the Motion for Relief from the Automatic Stay (the "Motion") by EMC Mortgage Corporation ("EMC") for relief from the automatic stay with respect to its interest in the property located at 273 Carriage Shop Road, East Falmouth, Massachusetts 02536. After full consideration, or after opportunity for hearing and no objections having been filed, it is hereby ordered that the Motion is hereby granted, and that EMC, its successors and/or assigns may proceed to take actions necessary to perfect its interest in the Property and take possession of the Property, including but not limited to the commencement of summary process proceedings to evict persons residing in the Property, as are permissible by state and federal law.

Dated: _____            _____
                                           United States Bankruptcy Judge